## JAMES A. MONNIEA, use, etc.,

### v.

## THE GERMAN INSURANCE COMPANY.

1  EXEMPTIONS—INSURANCE MONEY.—Where personal property exempt by law from execution is destroyed, the insurance money due upon its loss is not exempt.

2.  INSURANCE MONEY NOT THE EQUIVALENT OF PROPERTY DESTROYED.—The insurance company is the debtor of the party insured for the amount of the insurance. There is just so much "money due him" (R. S. Chap. 52, Section 13), from the corporation not as the price or equivalent of the property insured, but upon an agreement to indemnify the insured against its loss by fire, the consideration for which was the premium paid · and not any interest in such property.

3.  PLEADING.—As to the technical point that inasmuch as the answer avers that the money was exempt and this is not denied. it must be taken as true; this is matter of law and not the subject of averment and denial.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed February 9, 1883.

Mr. E. L. BEDFORD, for appellant; as to exemptions, cited Laws of 1877, 102, § 2; McMasters v. Aslop, 85 Ill. 158; Figueira v. Pyatt, 88 Ill. 403; Drake on Attachment, § 656; Waldo v. Gray, 14 Ill. 184; Cook v. Scott, 1 Gilm. 333; Wells v. Lilly, 86 Ill. 318; Code of Ia. 1873, § 3244; Nichols v. Goodheart, 5 Bradwell, 578; Mineral Point R. R. Co. v. Barron, 83 Ill. 368; Harrier v. Fassett, 9 N. W. Rep. 217.

An insurance company may be charged as garnishee on account of a loss accruing under a policy of insurance issued by it: Boyle v. Franklin Fire Ins. Co. 7 Watts & S. 76; Franklin Fire Ins. Co. v. West, 8 Watts & S. 350; Knox v. Protection Ins. Co. 9 Conn. 430; Girard Fire Ins. Co. v. Field, 45 Penn. 129; N. W. Ins. Co. v. Atkins, 3 Bush. 328; Roche v. The Rhode Island Ins. Ass'n, 2 Bradwell, 360.

If the debtor sell his exempt property, the debt due him therefor may be attached: Scott v. Bingham, 26 Vt. 251;

Knabb v. Drake, 23 Penn. 489; Harrier v. Fassett, 9 N. W. Rep. 217.

As to garnishment: Brown v. Heath, 45 N. H. 165; Spilman v. Aldridge, 126 Mass. 113.

The burden rests upon the debtor to prove every fact necessary to entitle him to exemption: Kitchell v. Burgwin, 21 Ill. 40; Blair v. Parker, 4 Bradwell, 409; Amend v. Smith, 87 Ill. 198; Wright v. Deyce, 86 Ill. 490; Casper v. The People, 6 Bradwell, 28; Cook v. Bohl, 8 Bradwell, 293; Cook v. Scott, 1 Gilm. 333; Waldo v. Gray, 14 Ill. 184; Washburn v. Goodheart, 88 Ill. 229.

Messrs. D. & T. J. SHEEAN, for appellee; that the answer of a garnishee, until disproved or contradicted, must be considered as true, cited Pierce v. Carlton, 12 Ill. 365; Cairo & St. L. R. R. Co. v. Hindman, 85 Ill. 521; Meadowcroft v. Agnew, 89 Ill. 470; I. C. R. R. Co. v. Cobb, 48 Ill. 402; Truitt v. Griffin, 61 Ill. 30.

A garnishee is bound to claim the benefit of the exemption for his creditor, to protect himself: C. & A. R. R. Co. v. Ragland, 84 Ill. 375.

As to notice of execution and the right of selection: Amend v. Smith, 87 Ill. 198; Shear v. Reynolds, 90 Ill. 240; Blair v. Parker, 4 Bradwell, 198.

As to garnishment: Fanning v. First Nat. Bank, 76 Ill. 55.

The adjustment of the loss fixed the right of the parties: I. M. Fire Ins. Co. v. Archdeacon, 82 Ill. 238.

Property exempted by law may be sold or exchanged by the debtor without subjecting it or its equivalent to execution: Vaughan v. Thompson, 17 Ill. 78; Washburn v. Goodheart, 88 Ill. 229; Cole v. Green, 21 Ill. 105.

PLEASANTS, J. The Messrs. Friedman, after judgment recovered and execution thereon returned unsatisfied against Monniea, garnisheed the Insurance Company, his debtor, whose answer admitted it was owing him upon an adjustment of his loss under its policy the sum of $700, of which $400

was on his homestead and $300 on personal property therein, but set up that he had presented to the officer who served the garnishee process a schedule of his effects and claimed the whole amount so owing as exempt.

Copies of said schedule and of his notice to the company were filed with and made part of the answer, which further stated that at the time of the loss Monniea was the head of a family and residing with the same in the building insured, and expressly interposed said claim of exemption in his behalf.

Upon this answer the plaintiffs made no issue of fact, nor did they seek to reach that portion of the indebtedness which was owing on the loss of the homestead and therefore protected by Sec. 7 of the Exemption Act, R. S. 1877, Chap. 52, p. 484, but did insist on a judgment to their use as against the residue. The circuit court, however, discharged the garnishee with costs, and they appealed.

It is understood that to get the benefit of the provision under which the exemption of the $300 is here claimed the debtor must make a schedule and selection, where practicable, and appellants suggest that the statute allows this to be done only as against an " execution, attachment or distress warrant." But a broader construction was given and this right declared as against a garnishee summons, in Fanning v. First National Bank of Jacksonville, 76 Ill. 55. Objections are also urged against the schedule in this case for indefiniteness in respect to the character, amount and value of the property embraced in it; which we decline to consider because they were not specifically made and perhaps might have been obviated in the court below.

Assuming then that the personal property insured would have been exempt, the question is whether the insurance money due upon its loss is exempt in its stead. The claim is made under section 13 of the Act above referred to, which, after mentioning certain specific articles and one hundred dollars' worth of other property to be selected by the debtor, exempts in addition thereto, when he is the head of a family and residing with the same, three hundred dollars' worth

of other property to be so selected; but with the proviso
" that such selection and exemption shall not be made by the
debtor or allowed to him or her from any money, salary or
wages due him or her from any person or persons or corpora-
tion whatever."

This proviso is a new feature of the law, incorporated in
1877, and seems to change it from what it previously was as
construed in Fanning's case, *supra*, according to which the
selection might be made from any personal property—money
due, or other property belonging to the debtor.

Counsel for appellee contend, however, upon what they
deem considerations of reason and policy and upon the liberal
rule of construction applied to exemption laws, that the ex-
ception made by this proviso does not include insurance
money, and for authority cite Vaughan v. Thompson, 17 Ill. 78,
approved in Cole v. Green, 21 Ill. 105, and Washburn v. Good-
heart, 88 Ill. 229. That case related to tangible property of
the debtor which was admitted to have been exempt in his
possession. The question was whether the giving of a mort-
gage upon it was itself fraudulent as to creditors and divested
it of the protection with which it was previously clothed, and it
was held, that since they could not subject it to levy and
forced sale to satisfy their demands they could not be de-
frauded by any disposition, otherwise lawful, that he might see
fit to make of it. And that was the point approved by the later
cases referred to. We fail to perceive in it anything relevant to
the question here presented. But in the course of the opinion
it was said that " property exempted by law may be sold or
exchanged by the debtor without subjecting it or its equiva-
lent to execution," and this language is relied on as authority
for the proposition that in the view of the Exemption Act
insurance money due upon a loss takes the place of the prop-
erty insured.

We do not understand it as asserting that the equivalent
received in such case will not be subject to execution, but
only that it may not be; in other words, that the debtor is free
to deal with exempt property as if he was not a debtor, and
that by disposing of it in any lawful way he does not forfeit

the protection of the statute as to the equivalent received, if it would otherwise be protected in his hands.

Here, however, the debtor made no sale, exchange or other disposition of the property destroyed. The insurance money is therefore not its equivalent in the sense referred to, nor is any specific money in the hands of the garnishee his property. The Insurance Company is not a custodian or bailee of any certain $300 belonging to him, but is strictly and truly his debtor in that amount. There is just so much "money due him" from this corporation; not as the price or equivalent of the property insured, but upon an agreement to indemnify him against its loss by fire, the consideration for which was the premium paid, and not any interest in such property.

The proviso, as seen, forbids that any exemption be allowed to the debtor from "any" money so due him—without exception, limitation or qualification. The terms employed are entirely clear and unambiguous. There is no room for construction. If the legislature had intended to except insurance money as the equivalent, representative or substitute of exempt personal property destroyed, it is to be presumed that it would have so declared, as it did in the case of the homestead.

Where its will in respect to matter within its discretion is so plainly and absolutely expressed, the courts are not at liberty to entertain considerations of supposed policy as ground of construction by which to limit it. That would be judicial legislation.

The Supreme Court has had no occasion as yet to construe this proviso, but the Appellate Court in the Third District has assumed that it meant just what it imports though no point or argument was made upon it. Nichols v. Goodheart, 5 Bradwell, 578.

We, also, think it includes all money due the debtor, without regard to the character or consideration of the indebtedness or the circumstances out of which it arose; and we know of no law of this State under which any money so due a debtor (except on insurance or for the proceeds of the homestead as above stated, and for wages under the Garnishment Act) can now be exempted.

Counsel also urge the technical point that inasmuch as the

C., B. & Q. R. R. Co. v. Olson.

answer avers that this money was exempt and is not denied it must be taken to be true. But this is matter of law and not the subject of averment or denial.

The judgment of the circuit court is reversed and the cause remanded for further proceeding in accordance herewith.

Reversed and remanded.