PATRICK FINLEN

v.

LEWIS HOWARD, FOR USE, ETC.

*Exemptions—¶ 13, Chap. 52, Starr & C. Ill. Stat.—Money Due—Garnishment.*

Money due a judgment debtor may be reached by garnishee process, although such debtor has less property, including the money in question, than he is allowed by the statute of exemptions.

[Opinion filed January 24, 1888.]

APPEAL from the County Court of La Salle County; the Hon. F. P. SNYDER, Judge, presiding.

Mr. SAMUEL RICHOLSON, for appellant.

Messrs. MALONEY & STEAD, for appellee.

*Per Curiam.* ,.This was a garnishee proceeding brought by the appellee for use, etc., against appellant as garnishee of the nominal plaintiff, to recover the sum of $60 due from appellant to Lewis Howard for board. The defense set up by the appellant for and in behalf of Howard was the statute of exemptions, ¶ 13, Chap. 52, Starr & C. Ill. Stat. It appears that Howard had less property than the law allowed him, including the sum garnisheed, he being the head of a family residing with the same.

The only question in the case is, can Howard claim the money due him from the appellant? The determination of this question depends upon the proper construction to be placed upon the proviso added to said section of the statute which reads as follows:

"*Provided,* that such selection and exemption shall not be made by the debtor or allowed to him or her from any money, salary or wages due him or her from any person or persons or corporation whatever."

The statute seems to be plain and unambiguous, and the only reason that can be urged against its plain meaning is that the spirit and intention of the act which allows the head of a family residing with the same the sum of $400 in articles of personal property and money on hand exempt, would apparently be violated in not allowing him the same amount out of money due him. This may be so, but with the policy of the law we have nothing to do when the language is express, as it appears to be in this case.

Prior to the passage of the present law, which was in 1877, the Supreme Court held in Fanning v. First National Bank, 76 Ill. 53, that money on deposit in a bank could be claimed on the part of the depositor except under the statute as it then was, which did not contain the proviso in question. This act following so closely after that decision would seem, from the circumstances, to have been intended by the Legislature to change the law as declared in that opinion. The question here involved has already been passed on by this court in Monniea v. German In. Co., 12 Ill. App. 240, and also by the Appellate Court of the 3d district in Nichols, Shepard & Co. v. Goodheart, 5 Ill. App. 574.

Seeing no sufficient reason to change our opinion, the judgment of the court below is affirmed.

*Judgment affirmed.*