## Avery Planter Co. v. E. G. Cole & Joseph Cole, Partners, etc., as Cole Bros., Garnishees of James Biggs.

1. EXEMPTIONS—*Money Due from the Sale of Exempt Property.*—Section 13, chapter 52, R. S., entitled "Exemptions," providing that selections and exemptions shall not be made by the debtor or allowed to him from any money, salary or wages due him from any person or corporation whatever, applies to money due to such debtor from the sale of his exempt property.

Garnishment.—Appeal from the Circuit Court of Stark County; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

ALLEN P. MILLER, attorney for appellant.

B. F. THOMPSON, attorney for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellees, Cole Brothers, were garnisheed as creditors of James Biggs on a judgment against the latter in favor of the appellant, Avery Planter Company. An execution was issued thereon and returned no property found. Garnishee process was issued in favor of the appellant, and appellees, Cole Bros., were summoned as garnishees. Interrogatories were filed, to which they made answer before the return day of the summons, admitting that they were indebted to the said James Biggs in the sum of $64.79 for corn sold and delivered to them by the said James Biggs.

James Biggs filed an interpleader in the case and verified it by affidavit, claiming the moneys and credits and an indebtedness in the hands and owing to him by the defendants, Elton G. and Joseph Cole, were at the time they were attached and still were the property of him, the said James Biggs, and claimed that the same were exempt from attachment and garnishment; that the said James

Biggs executed and delivered to the sheriff, July 21, 1894, a schedule of all of his personal property, duly subscribed and sworn to by him as required by law, and that there was included in the said schedule forty acres of growing corn, and that he was the head of a family and resided with the same, and was entitled to $400 worth of property to be selected by himself as exempt from said execution, and he thereby claimed as exempt from the said execution said forty acres of corn; that the same did not exceed in value the sum of $400; that the said sheriff did not at any time cause the property described in the said schedule to be appraised, and the valuation thereon fixed as required by law, and that the said James Biggs had no opportunity to select from the said schedule the articles he desired to retain, except in and at and by the time of delivering the said schedule to the said sheriff as aforesaid; that on the first day of September, 1894, the said James Biggs paid to the said sheriff the sum of $25 to apply on the said execution, and on the 15th day of November, 1894, said sheriff returned the same "No property found," as stated in the affidavit for garnishment; that on the 6th day of December, A. D. 1894, said James Biggs harvested, sold and delivered to said Cole Bros. part of the said forty acres of corn described in the said schedule, and which he had selected and claimed as exempt as aforesaid, and that the said sum of $64.79, which the said E. G. Cole and Joseph Cole answered they were indebted to him for corn sold and delivered to them by him, is so owing to him for part of the very same corn, etc., wherefore the said James Biggs says the said sum was and is exempt from garnishment, which he is ready to verify, and prays judgment, etc.

The Avery Planter Company demurred to the interpleader, and upon the hearing the court overruled the demurrer, and appellant abiding its demurrer, judgment was given for Biggs for the sum of $64.79. From this judgment this appeal is taken. This brings up the question as to whether, a debt being created by the sale of exempt property, the owner of such property is entitled to exemption as re-

spects the debt thus created. There is involved the proper construction to be placed on the proviso of Sec. 13, Chap. 52, p. 1111, of Starr & Curtis' Statute. Said section, after enumerating the articles and amount of personal property exempted, closes with this proviso, to wit: " Provided that such selections and exemptions shall not be made by the debtor or allowed to him or her from any money, salary or wages due him or her from any person or persons or corporations whatever." Previous to the passage of the above statute the Supreme Court had always held that exemptions could be claimed against such indebtedness. Fanning v. National Bank, 76 Ill. 53. The passage of the proviso above quoted by the legislature entirely changed the rule as has been holden by the higher courts ever since. In Finlen v. Howard, 126 Ill. 259, in same case in the Appellate Court, 26 Ill. App. 66, a construction was placed on the above proviso; also, Reed v. Kerr, 52 Ill. App. 467. In Finlen v. Howard, *supra*, the Supreme Court said if the exemption in question forbids that any exemption be allowed to the debtor from money due him and under the ' former statute there was no provision of like effect as to the proviso under consideration, it was held that the selection might be made by the debtor from money due him, or any personal property or assets belonging to him. It would therefore seem that the legislature intended to change the rule in that case. Fanning v. National Bank, *supra*. The court concludes in Finlen v. Howard, as follows: " We are of the opinion that the proviso under consideration excludes from the debtor's estate, out of which he may make his selection of property as exempt, all money due the debtor, without regard to the character of the indebtedness or the circumstances under which it arose."

Putting the contention of the appellee in the strongest light in which it can be viewed—that the execution in question had been scheduled against, and the corn claimed as exempt and allowed by the sheriff, and the claim that therefore such corn would remain exempt until a second execution issued, we can not see under the rules of the Supreme Court how a debt created by the sale of exempt property could be

exempt under the proviso of the statute above quoted.  The strongest argument that can be made is, that, the property sold being exempt from execution, the debt created by such sale should in law and justice be also exempt.  This would undoubtedly be a sound argument as applied to the law prior to the passage of the above proviso in the statute. It oftentimes happens that a debt which has been garnisheed is the entire property of the debtor, and were it in a different form, held in property instead of chose in action, could be claimed as exempt.  In the case of Finlen v. Howard, *supra*, such was the case.  Howard would have been clearly entitled to the property garnisheed, if the property had existed in another form.  Under the present statute it does not matter that the character of personal property may have at one time been fixed as exempt by some judicial proceedings.  That character may be changed by the action of the party, by adding other property to his possessions, or by selling it on credit, when it loses its character as exempt property.  The debtor is not compelled to sell on credit. Undoubtedly he could sell the property exempt from execution lien and receive other property in place of the exempt property, which also might be exempted under the statute.  He could sell for cash, but when he sells on credit and leaves the debt standing he loses his right to claim exemption as to the debt.  Holding these views we must hold that the court below erred in overruling the demurrer to the plea of interpleader of James Biggs.  The demurrer should have been sustained.

For this error on the part of the Circuit Court the judgment of the court below is reversed and the cause remanded.