**In re Howard L. LEWIS and Nancy L. Lewis, Howard L. Lewis, t/d/b/a Lewis Trucking and Leasing, Debtor and Plaintiff,**

v.

**John W. THOMPSON, Jr., Trustee, Defendant.**

Bankruptcy No. 1–80–00701.
Adv. No. 1–81–0273.

United States Bankruptcy Court,
M. D. Pennsylvania.

June 28, 1982.

Linus E. Fenicle, Ernico & Fenicle, P. C., Harrisburg, Pa., for debtor and plaintiff.

John W. Thompson, Jr., York, Pa., Trustee.

## MEMORANDUM AND ORDER

### RE: DEBTORS' ENTITLEMENT TO INSURANCE PROCEEDS

THOMAS WOOD, Bankruptcy Judge.

The debtors have filed a complaint claiming $43,500 in fire insurance proceeds held by the trustee. This sum was paid for a personal property loss resulting from a fire which destroyed the debtors' residence, household goods and miscellaneous personal property after they filed their bankruptcy petition. They claim that their bankruptcy exemption right entitles them to the entire personal property loss proceeds. The trustee contends that owners of exempted property which is destroyed by a fire after a claim of exemption has been filed are not entitled to monies paid under the provisions of a fire insurance policy, even though the policy was procured by the debtors prior to the bankruptcy. There is a second significant issue. Evidence of concealment of most of their personal property by the debtors though not covered by the parties' stipulation of facts, requires consideration by the Court in the disposition of the debtors' claim.

As stated above, the parties have stipulated to certain facts. We will incorporate them in the text of this memorandum opinion, together with findings of fact based on the records of the bankruptcy proceeding.

The debtors filed a Chapter 7 bankruptcy petition on October 27, 1980. In schedule B–2 of their petition, they listed certain personal property. In schedule B–4, they claimed exemptions as to all the property in schedule B–2. The value attributed by the debtors to the property listed was $3350. No objection was filed to the claim of exemption.

The debtors' residence and its contents were destroyed by fire on November 3, 1980. After the fire, the debtors filed amendments to schedules B–2 and B–4. These amendments were filed February 13, 1982. In them, reference was made to the destruction of the residence, to the payment of $87,000 by the insurance company for the loss of the residence and to the prospective payment of insurance proceeds to cover the contents of the residence. As to these proceeds, the amendment stated, "Amount unknown at present."

The debtors filed a further amendment to their bankruptcy schedules concerning ownership and exemption of personal property on July 24, 1981. This was after an insurance claim was filed for loss of "wearing apparel, household furnishings, household goods, and appliances." The exemption claim was for the sum of $43,500, the full amount paid by the insurance company to the trustee. In their accompanying affidavit, the debtors stated that they had, "inadvertently omitted a number of items ...." in their initial exemption claim. This was a gross understatement; the "omitted" items are set forth on a 22-page list, including hundreds of items to which the debtors attributed a total value of $95,329.03. It is evident to us that the debtors concealed the great bulk of their personal property when they filed their original petition.

Also significant are the pre-fire and post-fire figures concerning the debtors' real estate. In their bankruptcy petition they stated that the value of their residential property was $75,000. After the fire they settled their residential claim for $87,000, and the land on which the home had been located was sold for $18,200. The sum of these post-fire recoveries is $100,500. This

amount is $30,200 in excess of the $75,000 value stated in the debtors' bankruptcy petition. Also, it should be noted that the trustee has retained special counsel to sue the contractor who built the debtors' residence. The purpose of suit is to recover additional monies, on the apparent basis that there was additional loss. Additional loss translates to additional unreported value.

We are satisfied that the initial property report and exemption of the debtors would have been the only report and exemption had it not been for the subsequent fire. That occurrence placed the debtors in an unforeseen dilemma, and their situation worsened when the proceeds of their personal property loss claim were paid to the trustee. An amendment of their exemption claim was required as the basic prerequisite to a demand for the proceeds.

## DISCUSSION

The debtors had insured their personal property prior to bankruptcy. Upon the filing of their bankruptcy petition that property immediately became part of the bankrupt estate pursuant to Bankruptcy Code section 541. Their claim of exemption effected a revesting of all legal and equitable interests in the debtors. They again had an insurable interest.

We find no clearly firm precedent favoring either the claim of the trustee or the claim of the debtors to the bulk of the insurance proceeds. However, there is strong equitable constraint favoring debtors, to the extent of their *allowed* exemption in such an ownership circumstance. We can see no justification for retention of insurance proceeds by the trustee as to property which he knew to be claimed as exempt, and as to which he made no objection to exemption. The amount involved is $3350. It covers the value of property reported by the debtors prior to the fire, and exempted by them at that time.

Disposition of the remaining insurance proceeds involves an additional factual element; the debtors' failure to disclose fully their personal property. From our findings of fact it is evident that there was a concealment of personal property worth over $90,000 by the debtors' personal estimate. Of the property reported after destruction by fire, it is probable that much of it was subject to exemption under section 522 of the Bankruptcy Code. But this does not justify an award of the insurance proceeds in excess of the $3350 claimed by the debtors at the outset of the bankruptcy proceeding. A debtor who has concealed assets may not claim exemptions out of property recovered. Collier on Bankruptcy, 15th edition, para. 522.08. The principle is that concealment, once disclosed, bars the debtor from bankruptcy benefits incident to ownership of the property concealed.

## CONCLUSIONS OF LAW

1. Debtors are entitled to proceeds of insurance covering personal property subject to a claimed bankruptcy exemption when the property is destroyed by fire occurring after the exemption is claimed, and when the insurance coverage was acquired by the debtors prior to the filing of the bankruptcy petition.

2. In a bankruptcy proceeding during which debtors conceal the existence of valuable personal property, and limit the amount and value the exempted property to facilitate their concealment, the Court may, by exercise of its equitable powers, limit the share of proceeds to be paid to the debtors to an amount equal to the value of the property initially reported to the Court and claimed as exempt.