**In re Donald J. and Germaine STEWART, Debtors.**

**Bankruptcy No. 86–20067.**

United States Bankruptcy Court, W.D. New York.

Sept. 22, 1986.

Douglas J. Lustig, Rochester, N.Y., for debtors.

Michael J. Tobin, Rochester, N.Y., for Crystal Leasing & Development Inc.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A contempt motion was brought before this Court alleging a violation of the automatic stay provisions of 11 U.S.C. § 362(a). The motion alleges that Crystal Leasing & Development, Inc. and its lease manager, Ernie Shanders, violated the automatic stay by repossessing a leased vehicle in the possession of the debtors after the debtors filed their petition for relief and continued their contemptuous conduct by not returning the vehicle when requested. In response to the above motion, the defendants brought a motion seeking relief from the automatic stay with regard to the leased vehicle. A trial was held concerning the two aforementioned motions at which time the relief from the stay motion was granted and the parties were allowed time to brief the contempt motion.

The majority of the relevant facts leading up to the trial date are quite clear and pose no meaningful factual dispute. On February 25, 1985, Germaine Stewart leased from Crystal Leasing & Development, Inc. a 1985 Chrysler Fifth Avenue. The lease was for a term of forty-eight months and contained no option to purchase the vehicle. Sometime in late 1985, Mrs. Stewart fell behind on her vehicle payments. During December 1985, there were communications between Mrs. Stewart and Mr. Shanders concerning the delinquencies. On January 21, 1986, the Stewarts filed their Chapter 13 petition. A formal notice of the filing and of the automatic stay was not mailed to the creditors by this Court until April 8, 1986 because of deficiencies in the initial papers.

Shortly after and without knowledge of the petition filing, Mr. Shanders again contacted Mrs. Stewart in an effort to bring the lease payments current. During this conversation, Mrs. Stewart informed Mr. Shanders of the petition filing and she also gave him the name and telephone number of her attorney. In a letter to Mrs. Stewart's attorney dated February 10, 1986, Mr. Shanders acknowledged the Stewart's bankruptcy filing and sought to have the lease payments brought current. On February 19, 1986, the vehicle was repossessed by Crystal Leasing.

After the repossession, the debtors' attorney contacted Crystal Leasing's attorney and requested the return of the leased vehicle. When this request was refused, Mrs. Stewart felt she had no other choice but to obtain another vehicle in order to proceed with her usual way of life. Prior to obtaining this other vehicle, Mrs. Stewart claims to have incurred $803 in damages by not having the use of the leased vehicle. Mrs. Stewart is also seeking reimbursement for the attorney's fees incurred in the pursuit of her contempt action.

The issue presented is whether Crystal Leasing and Mr. Shanders violated the automatic stay by their conduct as outlined above. The defendants claim that their conduct could not be construed as violating the stay because the lease had terminated prior to the petition filing, and therefore, any interest which the debtors may have had at one time in the vehicle was not part of the estate. The defendants also claim that because of the fact that they were without the benefit of counsel when they repossessed the vehicle, they could not be in violation of the stay.

The lease document between Crystal Leasing and Mrs. Stewart created, at the

very least, a possessory interest in the vehicle for the benefit of Mrs. Stewart. This possessory interest, if the lease was in effect at the time of the bankruptcy filing, became part of the debtors' estate and was subject to the automatic stay.

 The defendant's defense that the lease had terminated prior to the bankruptcy filing stems from the belief that the lease automatically terminated upon the default of the debtor. While there is some language in the lease agreement which automatically accelerates all scheduled payments upon default, the actions of the defendants up until the actual repossession indicate that they were seeking only to be brought current on payments and in no way could their actions be construed as the actions of a lessor which had terminated the lease. In addition, in another portion of the lease agreement,[1] it is quite clear that the lessor must take affirmative action in order to terminate the lease once a default has occurred. No such action was alleged nor proven by the defendants.

The defendants next claim that because they did not have the benefit of counsel at the time of the repossession they could not be found in contempt.

> This circuit has held that when an entity takes an action in violation of the automatic stay provisions of the bankruptcy laws with knowledge of the filing of a bankruptcy petition *and the consequent automatic stay*, the creditor is in contempt. It is no defense that the creditor did not receive formal notice of the stay from the court. *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51–52 (2d Cir.1976) *cert. denied* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Nor is it a defense that the creditor relied on the advice of counsel. *Fidelity Mortgage Investors, supra*, at 58; *See generally 2 Collier on Bankruptcy*, ¶ 362.11 (15th ed. 1979). (Emphasis Added).

*In re Eisenberg*, 7 B.R. 683, 687 (Bankr.E. D.N.Y.1980).

---

**1. DEFAULT:**

If I am in default, *you will then have the right to terminate this Lease,* ... (Emphasis added).

While Crystal Leasing and Mr. Shanders may have had specific knowledge of the bankruptcy filing at the time of the repossession, there was no testimony elicited to indicate that they were aware of the automatic stay. In fact, Shanders denied knowledge of a stay. Knowledge of the imposition of the automatic stay, as well as, knowledge of the bankruptcy filing, are mandatory elements when attempting to prove a willful act of contempt under 11 U.S.C. § 362(a) in the Second Circuit. Similarly, a bare allegation in the pleadings without proof that the debtors' attorney informed the creditors of the automatic stay after the repossession is insufficient to find that the creditors were contemptuous in refusing to return the property.

Because the moving party has failed to prove that Crystal Leasing and Mr. Shanders had knowledge of the automatic stay prior to the notice mailed by this Court on April 8, 1986 and because the alleged contemptuous acts occurred prior to that date, the debtors' motion is denied.