**In re David CATES, Debtor.**

**Bankruptcy No. BK 90–31054.**

United States Bankruptcy Court,
S.D. Illinois.

March 21, 1991.

Donald M. Samson, Trustee, Belleville, Ill.

James W. McRoberts, Belleville, Ill., for debtor.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

David Cates filed a Chapter 7 bankruptcy petition on November 26, 1990. Among other things, he claimed as exempt his interest in a retirement plan and his interest in a lawsuit that involves an insurance claim for property damage to a 1979 jeep.[1] The Trustee filed objections to both, but has since withdrawn his objection to debtor's exemption in the retirement plan. The Trustee objects to debtor's exemption in the lawsuit only to the extent that any dollar amount recovered exceeds the statutory amount allowed under Ill.Rev.Stat. ch. 110, ¶ 12–1001(b), the wild card exemption.[2]

In response, debtor contends that the Trustee's objection was not filed within thirty days of the 341 meeting of creditors, and was therefore not timely under Bankruptcy Rule 4003(b). In support of this argument, debtor contends that pursuant to Rule 4003(b), objections to exemptions must be filed "within 30 days after the conclusion of the meeting of creditors *held pursuant to Rule 2003(a)....*" Bankr.R. 4003(b) (emphasis added). Rule 2003(a), in turn, requires that the meeting of creditors be held "not less than 20 nor more than 40 days after the order for relief." Bankr.R. 2003(a). According to debtor, therefore, the maximum time the trustee or any creditor has to file objections to exemptions is seventy days from the date the order for relief is entered. In the present case, the order for relief was entered November 26, 1990 and the meeting of creditors was scheduled for January 8, 1991, forty-three days from the date the order for relief was entered. Additionally, the Trustee was unable to attend the first meeting of creditors due to an injury, and the meeting was accordingly rescheduled for January 29, 1991. The Trustee then filed his objections to exemptions on February 13, 1991. Although the objections were clearly filed within thirty days after the conclusion of the meeting of creditors, debtor contends that the objections were filed more than seventy days after the order for relief was entered, and as such, are untimely. The Court disagrees.

Bankruptcy Rule X–1001 provides as follows:

> (a) *Part X Rules.* The rules in Part X apply to cases under the Code filed in or

---

1. Debtor's exemption in the lawsuit is listed on his schedule of exempt property under "miscellaneous personal property" and is described as "suit—$1." *See* Debtor's Schedule B–4.

2. Under the Illinois exemption statute, debtor may exempt his "interest, not to exceed $1200 in value, in any one motor vehicle." Ill.Rev.Stat. ch. 110, ¶ 12–1001(c). Debtor may also exempt his "equity interest, not to exceed $2,000 in value, in any other property." Ill.Rev.Stat. ch. 110, ¶ 12–1001(b).

transferred to any district in which a United States trustee is authorized.

(b) *Inapplicability of Rules.* The following rules do not apply in cases under the Code filed in or transferred to any district specified in subdivision (a) of this rule: 2001(a), (c), 2002(a)(1), 2003(a)....

Bankr.R. X–1001(a) & (b). Therefore, in those districts in which a United States trustee has been authorized, including this district, Part X of the Bankruptcy Rules applies. Rule X–1006 establishes the guidelines for scheduling the meeting of creditors and provides, in relevant part, as follows:

> The United States trustee shall call a meeting of creditors to be held not less than 20 nor more than 40 days after the order for relief.... The meeting may be held at a regular place for holding court or at any other place designated by the United States trustee within the district convenient for the parties in interest. *If the United States trustee designates a place for the meeting which is not regularly staffed by the United States trustee or an assistant who may preside at the meeting, the meeting may be held not more than 60 days after the order for relief.*

Bankr.R. X–1006(a) (emphasis added). In the present case, East St. Louis, Illinois, a place not regularly staffed by the United States trustee,[3] was designated as the place for the meeting of creditors. Therefore, pursuant to Rule X–1006(a), the meeting of creditors could be held, and in the present case, was indeed held, within sixty days after entry of the order for relief. Furthermore, although the meeting of creditors had to be rescheduled, the Trustee did file his objections within thirty days after the conclusion of the meeting, as required by Rule 4003(b).[4] For these reasons, debtor's argument that the meeting of creditors was improperly scheduled and that the Trustee's objections were therefore not timely filed is without merit.

 Even assuming *arguendo* that debtor's position is correct, the Court does not agree that failure to timely object results in the allowance of the exemption as claimed. Debtor must establish a good faith statutory basis for the claimed exemption. *See In re Kazi,* 125 B.R. 981, 990 (1991). In the present case, debtor may exempt his interest in the jeep only to the limited extent allowed by the Illinois exemption statute. The Trustee's failure to object within the time limit prescribed by Rule 4003(b) does not, in other words, permit debtor to exempt an amount greater than that allowed by statute.[5]

Accordingly, for the reasons stated, IT IS ORDERED that the Trustee's objection to debtor's exemption in the lawsuit, insofar as that exemption exceeds the statutory amount, is SUSTAINED.

---

**3.** The office of the United States trustee for the Southern District of Illinois is located in Peoria, Illinois.

**4.** "It should be noted that unlike the time periods in Bankruptcy Rules 4004(a) and 4007(c), [the] period [specified in Rule 4003] begins not with the first date set for the meeting of creditors, but only when that meeting is concluded." 3 *Collier on Bankruptcy* ¶ 4003.04[1] at 4003–9.

**5.** At the hearing on this matter, counsel for debtor agreed that debtor could not exempt the "whole jeep" under Illinois law if the Trustee's objections were timely filed.