**In re Michael AYRE a/k/a D. Michael Ayre f/d/b/a MA Construction f/d/b/a Weaponry & Survival Equipment f/d/b/a Precision Cartridge f/d/b/a EI Process Service, Debtor.**

**Bankruptcy No. 93–70525.**

United States Bankruptcy Court, C.D. Illinois.

Sept. 7, 1993.

Michael Ayre, pro se.

Cheryl Stickel Neal, Springfield, IL, for Capitol Ready–Mix, Inc.

Jeffrey C. Taylor, Decatur, IL, Trustee.

### *OPINION*

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether the Debtor may claim an exemption in a leased vehicle pursuant to 735 ILCS 5/12–1001(c).

On March 19, 1993, the Debtor, Michael Ayre, entered into a lease with Ford Motor Credit Company for the lease of a 1993 Ford Ranger. In addition to the monthly lease payments, the Debtor was required to make an initial deposit of $2,000 on the lease. The Debtor sold his 1978 Ford Bronco for $1,200 to a third party and used these proceeds along with an additional $800 in cash to make the $2,000 deposit.

The Debtor filed his petition pursuant to Chapter 7 of the Bankruptcy Code on March 30, 1993. In his schedules, the Debtor claimed as exempt his $1,200 equity in the 1993 Ford Ranger pursuant to 735 ILCS 5/12–1001(c). The Trustee and Capitol Ready–Mix, a judgment creditor, have objected to the exemption.

The first issue is whether the Debtor may claim an exemption in a leased vehicle. The Court has not found any cases in Illinois or any other state addressing this issue. The reason for the lack of cases on this issue appears obvious; the equity represented by the $2,000 deposit probably evaporated as soon as the car was driven off the lot. Not only is it difficult to place a valuation on a debtor's interest in a leased vehicle, it also appears that a creditor would have a difficult time in trying to realize on a debtor's interest in a leased vehicle. For these reasons, creditors have not pursued this issue. In this case, however, the Trustee and judgment creditor have pressed the issue and the Court must address it.

■ It is clear that a debtor's leasehold interest in a motor vehicle is property of the estate under 11 U.S.C. § 541(a). *In re Stewart*, 65 B.R. 195, 197 (Bankr. W.D.N.Y.1986); *In re Tel–A–Communications Consultants, Inc.*, 50 B.R. 250, 252 (Bankr.D.Conn.1985). The Debtor has claimed his leasehold interest exempt pursuant to 735 ILCS 5/12–1001(c) which provides as follows:

Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

* * * * * *

(c) The debtor's interest, not to exceed $1,200 in value, in any one motor vehicle.

The Seventh Circuit has mandated that exemptions are to be liberally construed in favor of the debtor: "[W]here an exemption statute might be interpreted either favorably or unfavorably vis-á-vis a debtor, we should interpret the statute in a manner that favors the debtor." *In re Barker*, 768 F.2d 191, 196 (7th Cir.1985). In the absence of any specific language in the statute indicating an intent to exclude leasehold interests from the exemption, the Court must conclude that the statute's reference to the debtor's "interest" in a motor vehicle is broad enough to cover both owned and leased vehicles. The statutory reference to "personal property, owned by the debtor" does not support a different result; the personal property owned by the debtor is the "debtor's interest" in the motor vehicle, not the motor vehicle itself. Here, the Debtor owns a leasehold interest in a Ford Ranger, and he is entitled to claim it as exempt under § 12–1001(c).

■ The next issue is whether the Debtor converted nonexempt property into exempt property with the intent of defrauding creditors. 735 ILCS 5/12–1001 provides in pertinent part as follows:

If a debtor owns property exempt under this Section and he or she purchased that property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment, or distress for rent. Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.

The judgment creditor argues that the 1993 Ford Ranger should not be exempt because the Debtor acquired the vehicle just 11 days before filing bankruptcy, and therefore he is presumed to have acquired it in contemplation of bankruptcy and in fraud of creditors. This presumption, however, was rebutted by the evidence. Prior to the bankruptcy, the Debtor owned a 1983 Ford Bronco, and his equity interest of $1,200 in the vehicle was exempt under § 12–1001(c).

Less than two weeks before filing bankruptcy, the Debtor sold the Bronco for $1,200 and used these proceeds and an additional $800 in cash to make a down payment on the lease of a 1993 Ford Ranger. The Debtor did not intend to convert nonexempt property into exempt property or to defraud his creditors; he merely replaced his old vehicle with a new vehicle. The Debtor's $1,200 exemption in a motor vehicle remained the same; the estate was not diminished by the transaction. The fact that the Debtor sold the Bronco to a third party for $1,200 and then used these proceeds along with another $800 in cash for his down payment on the Ranger does not change anything. The Debtor viewed the two transactions as one transaction—the trade-in of the Bronco for the Ranger—and it is the Debtor's intent that is paramount. The contemporaneous nature of the two transactions supports the Debtor's position. After considering all the circumstances, the Court concludes that the Debtor did not purchase the Ranger with the intent of converting nonexempt property into exempt property or in fraud of his creditors.

■ Finally, the judgment creditor argues that the exemption in the motor vehicle should be denied because the Debtor sold the 1978 Ford Bronco in violation of a turnover order entered in the Sangamon County Circuit Court. This is not a valid ground for objection to the Debtor's exemption in this bankruptcy proceeding. If the Debtor violated a state court order, the state court is free to deal with the violation in any way the state court deems proper. The judgment creditor, however, may not use the state court proceeding in order to coerce the Debtor into paying a debt. *In re Roussin*, 97 B.R. 130, 132 (D.N.H.1989); *In re Redenbaugh*, 37 B.R. 383 (Bankr. C.D.Ill.1984).

For the foregoing reasons the objections of the Trustee and Capitol Ready–Mix to the Debtor's exemption in the 1993 Ford Ranger are denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.