**In re Ray Erwin SIMPSON, Debtor.**

**Bankruptcy No. 99–40141.**

United States Bankruptcy Court,
S.D. Illinois.

Aug. 24, 1999.

Michelle Vieira, Trustee, Carbondale, IL, for plaintiff.

Layman A. Summers, Carbondale, IL, for defendant.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

At issue in this case is whether casualty insurance proceeds paid post-petition to the debtor, Ray Erwin Simpson, as a result of pre-petition damage to his vehicle may be claimed as exempt under the Illinois motor vehicle exemption provision, which exempts "[a] debtor's interest, not to exceed $1,200 in value, in any one motor vehicle." 735 Ill.Comp.Stat. 5/12–1001(c).[1]

The facts are undisputed. On December 19, 1998, prior to his bankruptcy filing, the debtor had an accident in his 1986 Toyota pickup truck. The debtor filed a claim under the insurance policy covering the truck, and the insurance company declared the truck to be "totaled." Six

---

**1.** Illinois has opted out of the federal exemption scheme, thereby limiting its residents who seek bankruptcy relief to the exemptions afforded under state law. *See* 735 Ill.Comp. Stat. 5/12–1201.

weeks later, on January 29, 1999, the debtor filed a Chapter 7 bankruptcy petition.

On his schedule of personal property in the bankruptcy case, the debtor listed the truck as "totaled," with a value of $0, and indicated that he expected to be paid insurance proceeds of approximately $1,200 for the vehicle. He also listed the anticipated insurance proceeds as property constituting a contingent, unliquidated claim. On his schedule of exemptions, the debtor claimed the expected $1,200 of insurance proceeds "to be paid out for 1986 Toyota truck" as exempt under Illinois' motor vehicle exemption provision.[2] The debtor did not claim an exemption for the truck itself.[3]

The trustee filed an objection to the debtor's claimed exemption of insurance proceeds under the motor vehicle provision, asserting that when the truck was "totaled" prior to bankruptcy, it ceased to exist as a motor vehicle exemptible under § 12–1001(c) and was, instead, transformed into a claim for insurance proceeds. The trustee argued that because the statute specifically exempts a debtor's interest in a "motor vehicle" but does not exempt insurance proceeds on such vehicle, the exemption does not extend to insurance proceeds payable on a motor vehicle that was destroyed prior to bankruptcy.

The debtor responded that insurance proceeds traceable to exempt property are protected by an exemption covering the property itself, citing *Payne v. Wood,* 775 F.2d 202 (7th Cir.1985), *cert. denied,* 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986), in which the court held that insurance proceeds payable on exempt household goods destroyed by fire following bankruptcy were likewise exempt. The debtor further asserted that because the statute protects his "interest" in a motor vehicle, it must be understood to include his interest in insurance proceeds stemming from damage to the vehicle. Finally, the debtor argued that casualty insurance proceeds should be accorded the same treatment as proceeds from a voluntary sale of exempt property, which are specifically exempted under Illinois law. *See* 735 Ill.Comp.Stat. 5/12–1001.[4]

After making these arguments, the parties filed a stipulation of facts in which they agreed that the truck, rather than having no value, was worth between $400 to $500 on the date of the bankruptcy filing; that it was repairable on the petition date and was currently being driven by the debtor in its damaged state; that the debtor retained title to and possession of the truck both on the date of filing and presently; and that, post-petition, the debtor received insurance proceeds totaling $1,335.19. The parties made no further argument regarding these facts, and the debtor has not amended his schedules to claim the vehicle as exempt.[5]

 It is a primary goal of statutory construction, including the exemption statute at issue, to ascertain and effectuate the legislature's intent. *Matter of Barker,* 768 F.2d 191, 194 (7th Cir.1985); *In re Marriage of Logston,* 103 Ill.2d 266, 82 Ill.Dec. 633, 469 N.E.2d 167, 171 (1984). Given the purpose of exemptions to protect debtors, an exemption statute should be construed

---

2. Although Illinois law also provides a "wildcard" exemption allowing a debtor to exempt $2,000 "in any other [personal] property," 735 Ill.Comp.Stat. 5/12–1001(b), the debtor in this case used the "wildcard" exemption to protect other assets.

3. The debtor's schedules reflect that the truck is his only motor vehicle.

4. Section 12–1001 provides that "[m]oney due the debtor from the sale of any personal property that was exempt ... at the time of the sale is exempt ... to the same extent that the property would be exempt had the same not been sold by the debtor." 735 Ill.Comp. Stat. 5/12–1001.

5. The trustee does not allege that the debtor's original undervaluation of the truck was an attempt to conceal assets. Moreover, the trustee makes no claim that the debtor intends to use the insurance proceeds for a purpose other than repairing or replacing the truck.

liberally in favor of the debtor. *Barker,* at 196. Liberal construction, however, does not entail judicial re-drafting, and a court must be mindful to avoid interpreting an exemption statute in a way not contemplated by the legislature in enacting a state's exemption scheme. *See Matter of Schriar,* 284 F.2d 471, 474 (7th Cir.1960); *In re McLaren,* 227 B.R. 810, 813 (Bankr.S.D.Ill. 1998); *In re DeVries,* 76 B.R. 917, 918 (Bankr.N.D.N.Y.1987).

■ The starting point of all statutory construction is the language of the statute itself, and when a statute's language is clear and unambiguous, a court must give effect to that language without resort to extrinsic aids for construction. *Barker,* 768 F.2d at 194–95. The exemption statute in the present case provides that a debtor may exempt "[t]he debtor's interest, not to exceed $1,200 in value, in any one motor vehicle." 735 Ill.Comp.Stat. 5/12–1001(c). This statute, referring specifically to the debtor's interest in a motor vehicle, by its terms contains no mention of insurance proceeds paid for damage to such vehicle. The debtor, however, would read the statute as exempting not only a debtor's interest in a "motor vehicle" but also the debtor's interest in "insurance proceeds" on the vehicle.

The debtor cites no Illinois case law in support of his position, and the Court's own research has found none.[6] While courts addressing the motor vehicle exemption have considered the type of interest required under the statute,[7] this consideration has been limited to the nature of the debtor's interest in a motor vehicle and has not extended to the debtor's interest in insurance proceeds resulting from damage to the vehicle. Admittedly, the statute exempts a "debtor's interest" in a motor vehicle and not the vehicle itself. *In re Ayre,* 158 B.R. 123, 124 (Bankr.C.D.Ill. 1993). It does not follow, however, that the debtor's interest in an insurance policy taken out on the vehicle constitutes such an "interest" in the motor vehicle.

■ A debtor's right to insurance proceeds for damage to property derives, not from the property itself, but from a contract of indemnity between the debtor and the insurance company. The contract is personal to the debtor and does not "run with" the property or remain in effect once the property changes hands. *See Ketcham v. Ketcham,* 269 Ill. 584, 109 N.E. 1025, 1027 (1915); *Russell v. Williams,* 58 Cal.2d 487, 24 Cal.Rptr. 859, 374 P.2d 827, 829 (1962). Although a debtor must have an insurable interest in property in order to enter into such a contract, the insurance proceeds for destruction of this interest are paid, "not as the price or equivalent of the property insured," but under an agreement to indemnify the debtor against its loss, "the consideration for which was the premium paid, and not any interest in such property." *Monniea v. German Ins. Co.,* 12 Ill.App. 240, 244 (1883).

■ A debtor's interest in insurance proceeds is a species of property in and of itself, a right to payment from the insurance company pursuant to the terms of the parties' contract. *See id.* It would, therefore, distort the meaning of the statute

6. In an earlier case, *In re Cates,* 125 B.R. 222 (Bankr.S.D.Ill.1991), this Court made passing reference to the Illinois motor vehicle exemption in discussing the debtor's claimed exemption for his interest in a lawsuit involving insurance on a damaged jeep. However, *Cates* was decided on other grounds, and the issue now before the Court was neither raised by the parties nor decided in that case.

7. See, for example, *In re Ayre,* 158 B.R. 123, 124 (Bankr.C.D.Ill.1993), in which the court held that the statute's reference to a debtor's "interest" in a motor vehicle includes a lease-hold, as well as an ownership, interest. Also, see *In re Jennings,* 107 B.R. 165, 166 (Bankr. S.D.Ill.1989), where this Court, relying on *Medaris v. Commercial Bank of Champaign,* 146 Ill.App.3d 1014, 100 Ill.Dec. 655, 497 N.E.2d 833 (1986), *aff'd on other grounds* 118 Ill.2d 443, 113 Ill.Dec. 911, 515 N.E.2d 1218 (1987), ruled that the statute exempts only the debtor's equity interest in a motor vehicle and is not applicable when a creditor's security interest exceeds the value of the vehicle in question.

here at issue to read the language "interest in a motor vehicle" as including "interest in insurance proceeds payable on a motor vehicle." This construction would insert words into the statute that, by its terms, simply are not there. A statute is not made ambiguous by a litigant's argument that its coverage extends beyond that afforded by the plain and ordinary meaning of its terms. *See Bank of America Nat'l Trust & Savings Ass'n v. 203 N. LaSalle Street Partnership,* —— U.S. ——, ——, 119 S.Ct. 1411, 1425, 143 L.Ed.2d 607 (1999) (Thomas, J., concurring). The Court finds, therefore, that the exemption statute at issue, even construed liberally in favor of the debtor, does not include an exemption for insurance proceeds payable for damage to the debtor's vehicle.

The debtor, citing *Payne v. Wood,* 775 F.2d 202, argues that because he is entitled to an exemption for his interest in the motor vehicle, any proceeds of that exempt interest are likewise exempt. *Payne,* however, is clearly distinguishable on its facts. In that case, the debtors filed for bankruptcy relief and claimed certain property exempt. Thereafter, the property was destroyed in a fire, and an issue arose concerning the debtors' right to insurance proceeds on that property.

The *Payne* court observed that upon filing for bankruptcy, all the debtors' property became property of the bankruptcy estate. The debtors then removed certain property from the estate by claiming it as exempt. 775 F.2d at 204. The court ruled that once the debtors' exemption had been made, effecting a "partition" between the debtors and the estate, it did not matter whether the property changed form; the estate was entitled to insurance proceeds on property that was not exempted, and the debtors were entitled to insurance proceeds on property that was exempted. 775 F.2d at 204–05.[8]

In this case, by contrast, the accident giving rise to the debtor's claim for insurance proceeds occurred prior to his bankruptcy filing. Thus, when he filed his petition creating the bankruptcy estate, the estate consisted of property of the debtor existing at that time, *see* 11 U.S.C. § 541(a)(1), and included the debtor's vehicle in its damaged state as well as the debtor's claim for insurance proceeds under his policy of insurance on the vehicle. The debtor's right to exemptions—his right to remove property from the estate—likewise arose at that time and could only be exercised with regard to assets comprising property of the estate and only to the extent those assets qualified under applicable exemption statutes. *See In re Turner,* 190 B.R. 836, 840 (Bankr.S.D.Ohio 1996); *In re Starr,* 123 B.R. 314, 316 (Bankr.S.D.Ill.1991); *see also In re DeVries,* 76 B.R. at 918. In this case, unlike in *Payne,* the debtor's claim for insurance proceeds did not result from property that had already been exempted from the estate. Thus, the debtor is not entitled to those proceeds as exempt property that has simply changed in form.

Because the timing of bankruptcy is determinative of what constitutes property of the estate and what may be exempted from the estate, the Court's ruling in this case may not be altered by the fact that the debtor's truck had been damaged in an accident six weeks earlier and, at the time of filing, was worth considerably less than before. In addition, the fact that the insurance proceeds were intended to compensate the debtor for his property loss and, when received, might have been used by the debtor to repair or replace his vehicle does not affect the character of the debtor's insurance claim as a "right to payment" or render the proceeds exemptible as an "interest in a motor vehicle" under § 12–1001(c). While it is unfortunate the debtor here must forego the full benefit of his motor vehicle exemption sim-

---

8. See also *Lewis v. Thompson,* 21 B.R. 282, 284 (Bankr.M.D.Pa.1982), in which the court found, under similar facts, that insurance proceeds for personal property destroyed in a fire after the debtors' exemption belonged to the debtors.

ply because of the happenstance of the timing of the accident and the insurer's payment of his claim, the debtor's bankruptcy filing was a voluntary act that was subject to his control and timing, even though the accident was not. Having availed himself of the protections and privileges afforded by the Bankruptcy Code, the debtor cannot complain about the limits imposed by its provisions.

 The debtor's final argument, that insurance proceeds should be treated similarly to sale proceeds of exempt property, which are specifically exempted by statute, suffers from the same faulty premise as his previous argument. The Illinois personal property exemption provision provides that "[m]oney due the debtor from the sale of any personal property *that was exempt . . . at the time of the sale* is exempt . . . to the same extent that the property would be exempt had [it] not been sold by the debtor." 735 Ill.Comp. Stat. 5/12–1001 (emphasis added). Thus, for sale proceeds to be exempt under the statute, the property in question must have already been claimed by the debtor as exempt from legal process or, as in this bankruptcy case, removed from the estate by the debtor's exemption filing. This provision, even if applicable to insurance proceeds, would afford no protection for the debtor's insurance claim on property damaged prior to bankruptcy.

 For the reasons stated, the Court finds that the trustee's objection to the debtor's claim of exemption for insurance proceeds under the motor vehicle provision of § 12–1001(c) must be sustained. The Court notes, however, a debtor is to be granted broad license to amend his or her schedule of exemptions absent evidence of wrongdoing. Fed.R.Bankr.P. 1009(a); *see Matter of Yonikus*, 996 F.2d 866, 871–72 (7th Cir.1993). Since the trustee has raised no issues of wrongdoing, the debtor will be granted ten days in which to amend his schedule of exemptions to claim his truck as an exempt asset.