(No. 37677.—

Lawrence P. Hickey *et al.,* Appellants, *vs.* Illinois Central Railroad Company, Appellee.—(The City of Chicago, Intervenor-Appellant.)

*Opinion filed January 22, 1964.*

BURTON H. YOUNG and LEONARD R. HARTENFELD, of Chicago, and JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and JOHN O. TUOHY, Assistants Corporation Counsel, of counsel,) for appellants.

JOSEPH H. WRIGHT, HERBERT J. DEANY, ROBERT S. KIRBY, A. E. PETERSON, JOHN MANN, and WILLIAM M. RICE, all of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This action was instituted by four individual taxpayers against the Illinois Central Railroad Company to enjoin it from asserting ownership of certain reclaimed lake-front lands, and seeking a declaratory judgment that fee-simple title thereto is vested in the State of Illinois and the city of Chicago, subject to the railroad's right to use such lands solely for railroad purposes. The city was given leave to intervene as an additional party plaintiff and adopted the complaint, as finally amended, and the briefs of the original plaintiffs.

Upon defendant's motion, the trial court struck the complaint and dismissed the action, holding that there was no special injury to the plaintiffs, that where the alleged injury is purely public in nature the Attorney General alone can sue on behalf of the People and that the State is a necessary and indispensable party. Plaintiffs appealed to this court

alleging a freehold to be involved. The Attorney General first filed a motion to dismiss the appeal suggesting that plaintiffs' taxpayer's action could not be maintained. We denied that motion. On November 20, 1963, while the case was pending on our advisement docket, the Attorney General filed a motion for leave to intervene. The motion was allowed, time was extended for filing additional briefs and the case has been reargued.

The trial court did not reach the merits of the complaint or of the motion to dismiss, but held only that it-was without jurisdiction because of the absence of indispensable parties. Since the Attorney General has intervened the principal objection to the maintenance of the action is eliminated and the case may now proceed.

It has been argued that this court should now decide the merits of the dispute, but we can not do so. In its present posture the case is not ripe for decision on the merits in this court. It does not fall within the original jurisdiction of the court, and there is no trial court determination of the merits to be reviewed. What was said in *Reidelberger* v. *Bi-State Development Agency*, 8 Ill.2d 121, 124, is controlling here: "It is true, as defendants contend, that reviewing courts are concerned with the result and not with the reason, and that if a trial court makes a correct ruling but assigns an incorrect reason its judgment will not be reversed. But this rule cannot be utilized, under the circumstances shown here, to invoke this court's determination of questions upon which the trial court expressly refused to pass, because the trial court agreed with defendant's contention that he lacked jurisdiction."

The order of the circuit court of Cook County, which struck the complaint and dismissed the action is vacated, and the cause is remanded to that court for further proceedings.

*Order vacated and cause remanded.*