(No. 38502.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESSE ROWLAND, Plaintiff in Error.

*Opinion filed January 19, 1967.*

UNDERWOOD, J., specially concurring.

FRED H. DICKSON, of Aurora, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and HENRY S. DIXON, State's Attorney, of Dixon, (FRED G. LEACH, Assistant Attorney General and KELLY KAPPLER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendant, Jesse Rowland, was tried by a jury in the circuit court of Lee County and convicted of knowingly possessing marijuana, a narcotic drug. He was sentenced to the penitentiary for a term of 5 to 10 years and now seeks review. A constitutional question is involved.

At the time of defendant's arrest, on November 14, 1962, a search of his person produced an envelope containing a substance later ascertained to be marijuana. Prior to trial defendant moved to suppress the envelope and its contents from evidence on the ground that such evidence had been obtained in violation of his constitutional rights against unreasonable search and seizure. At the conclusion of the hearing on the motion to suppress, the defendant denied ownership or possession of the narcotics and the court stated, "That is the law you have to claim ownership to get it back." We interpret this remark to mean that the court denied the motion on the ground that defendant had no standing to complain because he neither claimed nor established, but in fact denied, a possessory interest in the property seized. For the reasons stated hereafter, we are of the opinion that the trial court erred in this ruling.

In 1960, almost 3 years prior to the trial of this case, the United States Supreme Court handed down its opinion in *Jones* v. *United States,* 362 U.S. 257, 4 L. Ed.2d 697, which settled conclusively that, as regards criminal prosecu-

tion for unlawful possession of the property seized, an accused does not lack standing to object to the constitutionality of the search and seizure merely because he fails to allege the requisite proprietory or possessory interest (see *People* v. *De Filippis*, 34 Ill.2d 129, 132.) The rule of the *Jones* case was followed in the *De Filippis* case, which was decided after the trial of the present case. It is enough to say that the present case involves a prosecution for possession of the articles seized in the alleged illegal search and falls squarely within the confines of *Jones*. (See *People* v. *Mayo*, 19 Ill.2d 136, 140.) In the present case the court erred in ruling that the law required the defendant to claim ownership. Although we could decide on this writ of error whether the evidence at the motion to suppress demonstrated the validity of the search, (*cf. Jones* v. *United States*, 362 U.S. 257, 267), we think that the question should first be decided by the trial court on the merits, without regard to defendant's failure to claim ownership. We sit as a court of review and do not decide issues not decided by the trial court. *Hickey* v. *Illinois Central Railroad Co.*, 30 Ill.2d 163.

At the conclusion of defendant's cross-examination at the trial, the prosecution, for purposes of impeachment, was allowed to introduce into evidence an authenticated transcript of a prior conviction in the State of Indiana for the crime of burglary. Missing from the transcript was the judgment of conviction and in its stead was the affidavit of a judge of the court in which defendant had been tried, wherein it was sworn that certain volumes of records had been lost and mislaid in a transfer to a new court building, and that the affiant's examination of original papers on file disclosed that defendant had, on October 10, 1947, entered a plea of guilty to a charge of burglary and had received a sentence of 10 years in a reformatory. Immediately thereafter, upon redirect examination by his own counsel, defendant testified that he "was familiar" with the case and

that he had served his sentence in full. Although objection on such ground was not made at the trial, defendant contends the transcript showed only a charge, rather than a conviction, and that it was therefore not admissible in evidence. (*People* v. *Mason*, 28 Ill.2d 396.) Under the circumstance that the court record of the actual judgment was lost, we believe the affidavit of the judge was sufficient to render the transcript competent.

For his final contention defendant asserts that the jury was improperly instructed on the matter of proving the knowledge essential to a conviction of possession of narcotic drugs. When all of the instructions are read as a series we do not find this to be true.

There is no claim on this writ of error that the evidence was insufficient to establish the defendant's guilt. However, if the evidence obtained through the search should be excluded the evidence is clearly insufficient. Therefore, the judgment of the circuit court of Lee County is reversed and the cause is remanded with directions to conduct a new hearing on defendant's motion to suppress on its merits. If the court finds that the evidence is admissible, a new judgment of conviction should be entered; if it is determined on the merits that the evidence is inadmissible, a judgment of not guilty should be entered.

> *Reversed and remanded,*
> *with directions.*

Mr. JUSTICE UNDERWOOD, specially concurring:

I concur in the remandment under the compulsion of *Mayo* and *De Filippis*. I agree the admission of the judge's affidavit was not error, but only because there was no objection thereto. Since the affidavit is based upon examination of original papers *still* on file, I believe proof of the contents of such papers should be made by proper copies thereof and not by an affidavit of the judge as to what his examination of those papers has disclosed.