DUANE EDWARD MEDARIS *et al.*, Plaintiffs-Appellants, v. THE COMMERCIAL BANK OF CHAMPAIGN, Defendant-Appellee.

Fourth District   No. 4—86—0288

Opinion filed September 3, 1986.

Greaves, Lerner & Kirchner, of Champaign, for appellants.

Dodson & Mann Law Offices, of Champaign, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On or about September 17, 1984, plaintiffs purchased an automobile from defendant. Defendant financed the purchase and retained a security interest in the automobile, which they subsequently perfected

pursuant to article 9 of the Uniform Commercial Code—Secured Transactions (Code) (Ill. Rev. Stat. 1985, ch. 26, par. 9—101 *et seq.*). On January 28, 1985, plaintiffs filed for relief pursuant to chapter 7 of the bankruptcy laws of the United States. (11 U.S.C. sec. 701 *et seq.* (1982).) Plaintiffs both claimed in their bankruptcy schedules a $1,200 exemption in the automobile pursuant to section 12—1001(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(c)). Subsequently, pursuant to an agreement between the parties to this dispute, defendant repossessed and sold the automobile for an amount substantially less than the amount of the indebtedness owed by plaintiffs to defendant, and plaintiffs filed a complaint for declaratory judgment, seeking to resolve the issue of whether plaintiffs were entitled to claim the motor vehicle as exempt and assert that exemption as priority over the defendant's article 9 security interest and thereby become entitled to the first $2,400 from the sale of the motor vehicle prior to the satisfaction of the defendant's security interest.

The trial court initially held that the plaintiffs' statutory exemption was entitled to priority over the defendant's security interest. After a hearing on defendant's motion for new trial and for reconsideration, the trial court reversed its prior ruling and held that the defendant was entitled to pursue its remedies under section 9—501 *et seq.* of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 9—501 *et seq.*), and also held that the exemption statute applies only to "judgment, attachment or distress for rent," and that the self-help remedies of article 9 of the Uniform Commercial Code do not fall within any of these categories. The court concluded that the plaintiffs were not entitled to the exemption they claimed under the Illinois exemption statute. On April 21, 1986, judgment was entered on plaintiffs' motion for reconsideration.

The only issue before us on appeal is whether the circuit court erred when it reversed itself and held that defendant's article 9 security interest (Ill. Rev. Stat. 1985, ch. 26, par. 9—101 *et seq.*) in the aforementioned automobile was entitled to priority over plaintiffs' claim of exemption in said automobile pursuant to section 12—1001(c) of the Code of Civil Procedure. Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(c).

Section 12—1001(c) of the Code of Civil Procedure provides, in pertinent part:

> "The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:
>
> * * *
>
> (c) The debtor's interest, not to exceed $1,200 in value, in

any one motor vehicle; ***" Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(c).

We believe that since defendant's secured interest in the automobile greatly exceeded its fair market value, plaintiffs had no interest in the vehicle within the meaning of the term interest as used in section 12—1001(c) of the Code of Civil Procedure.

The three 19th-century Illinois Supreme Court cases relied upon by plaintiffs are all distinguishable on the ground that these cases involved judgment creditors, whereas the instant case involves a creditor who possesses an article 9 security interest.

We interpret section 12—1001(c) of the Code of Civil Procedure to simply mean that a debtor has a right to the first $1,200 of the proceeds of the sale of an automobile when the value of said automobile exceeds the amount of secured debt thereon, but when the amount of the secured debt thereon exceeds the value of said automobile the debtor has no rights to any of the proceeds of the sale of the automobile. Consequently, we affirm the order of the circuit court.

Affirmed.

GREEN and MORTHLAND, JJ., concur.