(No. 64134.—

DUANE EDWARD MEDARIS *et al.*, Appellants, v. THE COMMERCIAL BANK OF CHAMPAIGN, Appellee.

*Opinion filed October 5, 1987.—Rehearing denied December 21, 1987.*

CUNNINGHAM, J., took no part.

Robert G. Kirchner, of Greaves, Lerner & Kirchner, of Champaign, for appellants.

Arthur L. Mann, of Dodson & Mann Law Offices, of Champaign, for appellee.

JUSTICE SIMON delivered the opinion of the court:

Are the plaintiffs, Duane and Elizabeth Medaris, eligible under the Code of Civil Procedure to exempt a portion of the value of their automobile from their secured creditor's claims? The circuit and appellate courts decided that the plaintiffs are not. We agree with their decisions, but for a different reason.

Claiming that their automobile was exempt property within the meaning of section 12—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—1001), plaintiffs brought this action in the circuit court of Champaign County seeking a declaratory judgment that they were entitled to $2,400 of the proceeds from the sale of the repossessed automobile. Plaintiffs also sought a judgment against the defendant bank for the same $2,400, plus interest and costs. On plaintiffs' motion for judgment on the pleadings, the circuit court denied both requests, concluding that the defendant's security interest in the automobile took priority over plaintiffs' statutory exemptions. The appellate court affirmed (146 Ill. App. 3d 1014) on the ground that the automobile exemption in section 12—1001 applied only to the plaintiffs' equity ownership in their automobile, of which there was none. We allowed plaintiffs' petition for leave to appeal. 107 Ill. 2d R. 315.

Plaintiffs purchased the automobile in question from the defendant on September 17, 1983, and the record indicates that the plaintiffs financed the entire price of the automobile with a loan from the defendant. The defendant retained a perfected purchase money security interest. (See Ill. Rev. Stat. 1983, ch. 26, par. 9—101 *et seq.*) Less than five months later, on January 28, 1984, the plaintiffs filed a petition for bankruptcy in the United States District Court, claiming an exemption for the automobile. Pursuant to an oral agreement between plaintiffs and the defendant, the automobile was sold by defendant, bringing less than the amount of plaintiffs' indebtedness. Plaintiffs then filed this action to determine their rights to proceeds which they argued were exempted by section 12—1001(c).

Resolution of this case does not require that we answer the questions posed by the parties or consider the propriety of the appellate and circuit court decisions. Section 12—1001 provides in part:

> "The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:
>
> * * *
>
> (c) The debtor's interest, not to exceed $1,200 in value, in any one motor vehicle;
>
> * * *
>
> If a debtor owns property exempt under this Section and he or she purchased such property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, such property shall not be exempt from judgment, attachment or distress for rent. *Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 12—1001.)

Because plaintiffs acquired the automobile at issue less than five months prior to their filing a petition for bank-

ruptcy, they presumptively did so with the intent to transform nonexempt property into exempt property. Under the circumstances, the plaintiffs may not claim any portion of the automobile or its value as exempt under this section. Plaintiffs sought judgment on the pleadings, so we have no opportunity in this case to decide whether the presumption mandated by section 12—1001 may be rebutted through presentation of evidence by a debtor.

Although the parties have not addressed that presumption, and instead merely presumed that an exemption for plaintiffs' automobile could be had, they have no authority to amend the statute on which this case turns—by agreement or neglect—to create a legislated exemption where none exists. We conclude, therefore, that the appellate and circuit courts have reached the right result. The decision of the appellate court is affirmed. See *Hickey v. Illinois Central R.R. Co.* (1964), 30 Ill. 2d 163.

*Judgment affirmed.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.