**In re Jackie Leon JENNINGS and Cynthia Lynn Jennings, Debtor(s).**

**Bankruptcy No. BK 89–40734.**

United States Bankruptcy Court, S.D. Illinois.

Nov. 2, 1989.

James Moore, Carterville, Ill., for Carterville State & Sav. Bank.

Sara Nierste, Dongola, Ill., for debtors.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Carterville State and Savings Bank (Bank) has filed an objection to an exemption claimed by debtors in a 1980 Chevrolet Impala automobile under the Illinois exemption statute for motor vehicles. *See* Ill.Rev.Stat., ch. 110, para. 12–1001(c). Debtors claim an exemption for the full value of the automobile in the amount of $500.00. It is undisputed that the Bank's lien far exceeds the value of the automobile.[1]

In response to the Bank's objection, debtors assert that they may claim an exemption under the Illinois motor vehicle provision despite their lack of equity in the automobile because the statute does not limit the exemption to the debtor's "equity" interest in a motor vehicle. Debtors rely on the case of *In re Eldridge*, 22 B.R. 218 (Bankr.D.Me.1982), in which the court found that the debtor was entitled to an exemption under Maine's motor vehicle exemption statute even though her automobile was fully encumbered by the creditor's security interest.

The Illinois motor vehicle exemption allows an exemption for

[t]he debtor's *interest*, not to exceed $1,200 in value, in any one motor vehicle[.]

Ill.Rev.Stat., ch. 110, para. 12–1001(c) (emphasis added). This provision differs from the "wild card" exemption preceding it (Ill. Rev.Stat., ch. 110, para. 12–1001(b)) and the "tools of the trade" exemption following it (Ill.Rev.Stat., ch. 110, para. 12-1001(d)), which each provide exemptions of a specified amount in the debtor's "equity" interest in property.

The Court finds no basis for debtors' argument that use of the term "debtor's interest" rather than "debtor's equity interest" in the motor vehicle exemption means that they may claim an exemption regardless of the Bank's security interest in the vehicle. Rather, both terms indicate that a debtor may exempt only that interest in property which is owned by him and unencumbered by third party liens. Instead of listing the type of property that is exempt, as, for example, the debtor's car, or specifying generally that the "debtor's property" is exempt, the motor vehicle exemption, like the "wild card" and tools of the trade exemptions, states that only the debtor's legal interest is exempt.

In *Medaris v. Commercial Bank of Champaign*, 146 Ill.App.3d 1014, 100 Ill. Dec. 655, 497 N.E.2d 833, *aff'd on other grounds*, 118 Ill.2d 443, 113 Ill.Dec. 911, 515 N.E.2d 1218, the Illinois Appellate Court rejected a similar argument, holding that where the creditor's security interest exceeded the value of the vehicle in question, the debtors had no interest in the vehicle within meaning of the term "interest" used in section 12–1001(c). The *Medaris* court interpreted section 12–1001(c) to mean that a debtor could exempt his equity interest in a vehicle but had no right to an exemption when the vehicle was encumbered by a lien in excess of its value. The federal motor vehicle exemption, which likewise applies to a "debtor's interest" in a motor vehicle (11 U.S.C. § 522(d)(2)), is also interpreted to mean the debtor's equity in-

---

**1.** During hearing on the Bank's objection, the Court ruled that debtors were not entitled to avoid the Bank's lien on the automobile under section 522(f)(2)(A), as the automobile does not constitute "household goods" on which a lien may be avoided under that section.

terest above the amount of any secured debt on the vehicle. *See* 3 *Collier on Bankruptcy*, § 522.11, at 522–51 to 522–52 (15th ed. 1989); *Matter of Lamping*, 8 B.R. 709 (Bankr.E.D.Wis.1981).

The *Eldridge* decision, upon which debtors rely, was based on a particular provision of Maine exemption law that makes it distinguishable from the instant case. The *Eldridge* court, interpreting a statutory provision which stated that certain types of property would "not be exempt from claims secured by security interests in the property" (Me.Rev.Stat.Ann., tit. 14, section 4425), found that "[t]he Legislature must have intended state exemptions generally to be effective as against security interests with certain 'exceptions' listed in section 4425 ..." *Eldridge*, 22 B.R. 218, 221. While the Maine motor vehicle exemption itself mirrors that of Illinois, Illinois exemption law has no provision like section 4425 that could be construed as giving a debtor the right to exempt property despite a creditor's security interest.

For the reasons stated, the Court finds that the Bank's objection to debtors' claim of exemption in the 1980 Chevrolet Impala automobile should be sustained.

IT IS ORDERED that the Bank's objection to exemption is SUSTAINED.