In re Michael J. BRENNAN and Lisa M. Brennan, Debtor(s).

In re Elizabeth A. BUCHANAN, Debtor(s).

In re Kevin F. GERSTENECKER and Angelina F. Gerstenecker, Debtor(s).

In re Ronnie HAYES and Evett C. Hayes, Debtor(s).

In re Michael W. WAMBLE and Trina M. Wamble, Debtor(s).

Nos. 96–31424, 96–32829, 96–30759, 95–32069 and 96–31720.

United States Bankruptcy Court, S.D. Illinois.

April 25, 1997.

William Mueller, Belleville, IL, for Debtor in each case.

James W. McRoberts, Belleville, IL, for Trustee in each case.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

The Chapter 13 cases under consideration present the common issue of whether, following avoidance of a lien on the debtors' property under 11 U.S.C. § 544(a)(1), the debtors are entitled to the benefit of exemptions claimed in such property for purposes of determining the payment required under the "best interests of creditors" test for confirmation of a Chapter 13 plan. *See* 11 U.S.C. § 1325(a)(4).[1] The trustee in each case has objected to confirmation of the debtors' Chapter 13 plan, arguing that the debtors must pay into their plan for the benefit of unsecured creditors the amount that would have been paid to the secured creditor whose lien was avoided. The trustee reasons that because, in a Chapter 7 case, the now-unencumbered property would be liquidated and the dividend to unsecured creditors increased accordingly, the debtors are required to make a corresponding payment to unsecured

---

1. Section 1325(a)(4) requires, for a Chapter 13 plan to be confirmed, that

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 ... on such date.

11 U.S.C. § 1325(a)(4).

creditors to comply with § 1325(a)(4). The debtors resist this contention, maintaining that their plan payment in each case must be calculated taking into consideration the exemptions to which they would have been entitled if there had been no lien on the property.

These cases, although sharing a common issue, differ factually and have been divided into three groups for purposes of the Court's decision.[2] In the *Buchanan* and *Wamble* cases, the creditors in question were listed as unsecured in the debtors' bankruptcy petitions but filed proofs of claim alleging a security interest in personal property constituting "household goods" of the debtors.[3] The Chapter 13 trustee brought actions to avoid the creditors' liens under § 544(a)(1), asserting that the creditors provided insufficient documentation to substantiate valid liens. The creditors defaulted, and judgment was entered avoiding the alleged liens. In both cases, the debtors claimed exemptions in household goods under the Illinois "wild card" exemption provision, *see* 735 Ill.Comp. Stat. 5/12–1001(b) (1993), and the amount of the exemptions equaled the value of such property listed in the debtors' petitions.

In the *Brennan* and *Gerstenecker* cases, the creditors likewise filed proofs of claim alleging security interests in household goods of the debtors after the debtors listed the creditors as unsecured in their bankruptcy petitions.[4] However, in these cases, the debtors rather than the trustee filed lien avoidance actions, asserting that the creditors provided insufficient documentation to substantiate valid liens. The creditors defaulted, and the Court entered judgment avoiding the liens, noting that because the creditors had failed to respond, the Court would make no determination as to the debtors' standing to file such lien avoidance complaints. Again, the debtors claimed exemptions for household goods that equaled the value of such property listed in their petitions.

In the final case, *In re Hayes,* the debtors' petition listed the creditor in question as secured by an interest in their motor vehicle. The creditor filed a proof of claim but failed to attach a title to the vehicle showing its lien. The trustee filed an action to avoid the creditor's lien under § 544(a)(1), and, upon the creditor's default, judgment was entered avoiding the lien. In their petition, the debtors claimed exemptions in the motor vehicle under both the "wild card" and the "motor vehicle" exemption provisions, *see* 735 Ill. Comp.Stat. 5/12–1001(b), 5/12–1001(c), although the amount of these combined exemptions was less than the scheduled value of the vehicle.

The trustee's objection to confirmation in the above cases is based on this Court's decision in *In re Bell,* 194 B.R. 192 (Bankr. S.D.Ill.1996). In *Bell,*[5] after finding that an unperfected lien on the debtors' motor vehicle in each of the cases was void under § 544(a)(1), the Court observed that the "best interests of creditors" test would prevent a windfall to the Chapter 13 debtors—who would retain their vehicle free of liens following bankruptcy—because the debtors would have "purchased" the vehicle by paying into their plan an amount of money equal to its value as of the effective date of the plans. *Id.* at 198. The Court, however, fur-

---

2. The facts are undisputed.

3. In *Wamble,* the creditor attached a listing of such property to its proof of claim. While, in *Buchanan,* the creditor's proof of claim included no attachments, it characterized the creditor's collateral as "personal property" not a motor vehicle, and the only other personal property listed on the debtor's schedules was clothing and "furnishings."

4. While, in *Brennan,* one of the creditors attached a listing of collateral to its proof of claim, the other creditor indicated it had a "purchase money" security interest in the debtors' property but included no attachments or description of collateral. As to this creditor, the Court's characterization of the collateral as "household goods" is based on representations of the debtors' counsel at hearing. In *Gerstenecker,* the creditors again asserted "purchase money" security interests in the debtors' property but included no description of collateral in their proofs of claim. Rather, they appended credit card agreements containing form language that the holder "grant[s] us a purchase money security interest in the goods purchased on your account."

5. The decision in *Bell,* as here, addressed a common issue in separate bankruptcy cases combined for purposes of opinion.

ther characterized the "best interests" test of § 1325(a)(4) as "requir[ing] [Chapter 13 debtors] to pay for [their] *non-exempt* assets over the term of the plan." *Id.* (emphasis added). Noting this reference to "non-exempt" assets, the debtors here contend that, rather than supporting the trustee's position, the *Bell* decision bolsters their argument that plan payments required under the "best interests" test must be determined after considering exemptions claimed by the debtors in property recovered for the estate following the avoidance of liens under § 544(a)(1).

The issue of a debtor's entitlement to exemptions in recovered property for purposes of the "best interests of creditors" test was neither considered nor decided in *Bell,* and the Court is aware of no case that directly addresses the arguments presented here. Section 1325(a)(4) requires a court to compare payments proposed under a Chapter 13 plan on unsecured creditors' claims with the amounts that would be paid on such claims if the debtor's estate were liquidated under Chapter 7 on the effective date of the plan. In a hypothetical liquidation under Chapter 7, the debtor would be entitled to exemptions under § 522(b) of the Code.[6] Thus, to apply § 1325(a)(4), the Chapter 13 debtor's exemptions must be tested as they would be in a Chapter 7 case. *See* 5 William L. Norton, Jr., *Bankruptcy Law and Practice 2d,* § 122:7 (1994) [hereinafter *Norton on Bankruptcy* ].[7]

In a Chapter 7 case, property that is fully encumbered by liens is not available for liquidation and payment to unsecured creditors and is likewise not subject to exemption by the debtor, as exemptions may generally be claimed only in a debtor's "interest" in property rather than in the property itself. *See id.,* § 46:7, at 46–13; *In re Jennings,* 107

B.R. 165, 165 (Bankr.S.D.Ill.1989) (holding that the Illinois motor vehicle exemption, like the "wild card" exemption, is limited to the debtor's property interest which is unencumbered by liens). Section 522(c)(2) sets forth the rule that valid liens on a debtor's property are preserved despite exemptions claimed in that property, stating:

> (c) [P]roperty exempted [under § 522] is not liable during or after the case for any [prepetition] debt of the debtor ..., except—
>
> (2) a debt secured by a lien that is—
>
> (A)(I) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 540, or 724(a) of this title[.]

11 U.S.C. § 522(c)(2)(A). If, however, the trustee avoids liens on a debtor's property using the powers afforded by the Code for undoing prepetition transfers, the debtor may, in some instances, gain the benefit of exemptions claimed in such property. *See* 11 U.S.C. § 522(g). In addition, the Code enables the debtor to avoid certain liens in order to enjoy exemptions to which the debtor would have been entitled, again with some restrictions. *See* 11 U.S.C. § 522(f), § 522(h); *see generally* David Epstein, Steve Nickles, & James White, *Bankruptcy,* § 8–22 to § 8–23, at 523–535 (1992) [hereinafter Epstein, *Bankruptcy* ].

Because § 522(b)(1) allows a debtor to claim exemptions from "property of the estate," the debtor could freely exempt property recovered for the estate following the avoidance of liens if the Code did not restrict such exemption rights. *See* Epstein, *Bankruptcy, supra,* § 8–22, at 523. Subsections 522(g) through (i) govern the debtor's ability to exempt property following such avoidance

---

**6.** Under 11 U.S.C. § 522(b)(1) and (2)(A), states may "opt out" of the federal exemption scheme and adopt their own exemption provisions. Illinois has chosen to do so, *see* 735 Ill.Comp.Stat. 5/12–1201, and the exemptions at issue in this case are those provided under Illinois law.

**7.** Because a Chapter 13 debtor remains in possession of all property of the estate, exemptions in a Chapter 13 case serve a different purpose than in a Chapter 7 case. Exemptions claimed by a debtor in a Chapter 13 case are primarily

relevant for purposes of determining compliance with the "best interests of creditors" test and the "disposable income" requirement for confirmation of a Chapter 13 plan, as well as in the debtor's avoidance of liens on exempt property under 11 U.S.C. § 522(f). *See generally Norton on Bankruptcy,* § 117:3; *cf. Watters v. McRoberts,* 167 B.R. 146 (S.D.Ill.1994) (holding that full amount of Chapter 13 debtor's personal injury recovery constituted disposable income despite claim of exemption).

and recovery. Under subsection (g),[8] the debtor may exempt property the trustee recovers "to the extent ... the debtor could have exempted such property ... had [it] not been transferred," if the transfer the trustee avoids was either (1) an involuntary transfer of property that the debtor did not conceal or (2) a security interest the debtor could have avoided under § 522(f)(1)(B).[9] *See* 11 U.S.C. § 522(g). Section 522(f)(1)(B) allows the debtor to avoid a nonpossessory, nonpurchase-money security interest in personal property, including "household furnishings, household goods, wearing apparel, appliances, ... musical instruments, or jewelry" held for the personal, family, or household use of the debtor or the debtor's dependents. 11 U.S.C. § 522(f)(1)(B). Thus, the debtor may exempt such property once it is brought back into the estate following the trustee's avoidance of a lien even though the debtor granted a voluntary security interest in the property prior to bankruptcy. *See Norton on Bankruptcy,* at § 46:26, at 46–50.

In the event the trustee does not act to avoid a lien on the debtor's property, subsection 522(h) empowers the debtor to use the trustee's avoiding powers to create equity for the estate that may be claimed as exempt by the debtor.[10] The debtor, however, may avoid only liens that encumber property the debtor could have exempted under § 522(g)(1),—that is, only liens that were involuntarily imposed on property the debtor did not conceal. The debtor's avoiding power under § 522(h), therefore, is limited and does not extend to the avoidance of security interests that were voluntarily granted prior to bankruptcy. *See* 4 *Collier on Bankruptcy,* ¶ 522.12[2][a]–[b], at 522–96 to 522–97 (15th ed. rev. 1996); Epstein, *Bankruptcy,* § 8–23, at 530–33.

If a debtor successfully avoids a lien under subsection (h), subsection 522(i)(1) allows the debtor to exempt the equity so recovered as though the trustee had avoided the lien.[11] In addition, just as a trustee can preserve an avoided lien for the estate's benefit under § 551, the debtor may preserve such avoided lien for the debtor's own benefit.[12] Thus, not only can the debtor prevent the benefit of an avoided transfer from going to the estate as

8. Section 522(g) provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt ... property that the trustee recovers under section ... 550, [or] 551 ... of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> > (B) the debtor did not conceal such property; or
> > (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522(g). While § 522(g) does not specifically refer to lien avoidance under § 544, it incorporates the trustee's avoiding powers, including that of § 544, by reference to § 550. *See In re Gingery,* 48 B.R. 1000, 1002–03 (D.Colo. 1985); 4 *Collier on Bankruptcy,* ¶ 522.12[1], at 522–95 to 522–96.

9. The 1994 amendments to the Bankruptcy Code renumbered subsection 522(f)(2) as (f)(1)(B) but made no corresponding correction to subsection 522(g)(2). This is obviously a drafting error, and, accordingly, the cross-reference in subsection 522(g)(2) will be read as relating back to subsection 522(f)(1)(B). *See Collier on Bankruptcy,* ¶ 522.12[1], at 522–95, n. 2 (15th ed. rev. 1996).

10. Section 522(h) provides:

> The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> > (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title ...; and
> > (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

11. Subsection 522(i)(1) provides in pertinent part:

> (1) If the debtor avoids a transfer ... under subsection ... (h) of this section, the debtor may recover in the manner prescribed by ... section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

11 U.S.C. § 522(i)(1).

12. (2) Subsection 522(i)(2) states:

> Notwithstanding section 551 of this title, a transfer avoided under section 544 ... of this title, under subsection ... (h) of this section ... may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

11 U.S.C. § 522(i)(2).

would otherwise happen, the debtor may also keep in place any unavoidable junior liens and thereby prevent such liens from rising and taking the equity the debtor has freed for exemption. *See* Epstein, *Bankruptcy,* § 8–30, at 570–71.

■ In the present cases, the trustee argues that the debtors are not entitled to the benefit of exemptions claimed in property recovered upon the avoidance of liens because, under § 551, the avoided liens are preserved for the benefit of the estate and so cancel out any equity that could be exempted in a Chapter 7 liquidation. This argument is without merit in light of the specific provisions of § 522(g) through (i) governing a debtor's ability to exempt property following the avoidance of liens. The intended effect of § 551 [13] is to prevent junior lienholders from improving their position at the expense of the estate when a senior lien is avoided. *See* 5 *Collier on Bankruptcy,* ¶ 551.01[1], at 551–2; Epstein, *Bankruptcy,* § 6–86, at 218. Thus, while it would be appropriate for a trustee, following lien avoidance, to assert the avoided lien against other creditors claiming an interest in the property recovered for the estate, there is no basis for asserting such avoided lien against the debtor to preclude a claim of exemption. To so read § 551 would be nonsensical given that § 522 makes explicit provision for a debtor to exempt property following the avoidance of liens and even grants to the debtor the benefit of the automatic preservation rule of § 551 when the debtor avoids a lien through the exercise of a power intended to protect exemptions. *See Norton on Bankruptcy,* § 46:27, at 46–51 to 46–52.

■ In these cases, counsel for both sides urge the Court to adopt a blanket rule regarding the right of Chapter 13 debtors to claim the benefit of exemptions following lien avoidance for purposes of determining compliance with the "best interests" test. However, having considered the specific provisions of § 522(g) through (i), the Court finds it necessary to analyze the facts of each case to determine whether the debtors would have the ability to exempt property in a Chapter 7 case under the circumstances presented. In the first set of cases, *Buchanan* and *Wamble,* the trustee avoided the creditors' liens under § 544(a)(1) and recovered the previously encumbered property for the estate pursuant to § 550.[14] As noted, § 522(g)(2) allows a debtor to exempt property recovered by the trustee under § 550 if the lien avoided is a nonpossessory, nonpurchase money security interest in personal property that could have been avoided by the debtor under § 522(f)(1)(B)—whether or not the lien was voluntarily granted. The property at issue in the *Buchanan* and *Wamble* cases—personal property constituting "household goods"—is included in the property described in § 522(f)(1)(B). Thus, this property could be exempted by the debtors following the trustee's recovery in a hypothetical Chapter 7 case.

In both *Buchanan* and *Wamble,* the amount of the exemptions claimed by the debtors equals the value of the property recovered by the trustee, and there would, therefore, be no excess equity payable to unsecured creditors in a Chapter 7 liquidation. For this reason, the debtors' Chapter 13 plan payments need not be increased following the trustee's avoidance of liens in order to comply with the "best interests of creditors" test of § 1325(a)(4). Accordingly, the trustee's objection to confirmation in the *Buchanan* and *Wamble* cases must be overruled.

■ In the next two cases, *Brennan* and *Gerstenecker,* the debtors rather than the trustee filed actions to avoid the creditors' liens as lacking sufficient documentation to support valid liens. As discussed above, a debtor may assert the trustee's avoiding powers, including § 544(a)(1), in order to preserve exemptions, although the debtor's

---

**13.** Section 551 provides:

Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.

**14.** Section 550 provides that "to the extent ... a transfer is avoided under § 544, ... the trustee may recover, for the benefit of the estate, the property transferred...." 11 U.S.C. § 550.

avoiding capacity is limited to liens that were not voluntarily granted by the debtor. *See* 11 U.S.C. § 522(h). In the lien avoidance actions of *Brennan* and *Gerstenecker,* it could not be determined whether the liens were voluntarily imposed or, indeed, whether any liens existed at all, as the creditors failed to respond to the debtors' complaints or to assert any defenses such as the debtors' standing under § 522(h). The creditors' defaults in each case resulted in the Court entering judgment avoiding their liens. Once the liens were avoided under § 522(h), the debtors became entitled to exempt the property so recovered pursuant to § 522(i), which allows a debtor to exempt property recovered as a result of avoidance under § 522(h) "the same as if the trustee had avoided such transfer...." 11 U.S.C. § 522(i)(1). As seen in *Buchanan* and *Wamble,* if the trustee rather than the debtors had avoided these liens, the debtors could have exempted the recovered property to the extent it was personal property subject to a lien avoidable by the debtor under § 522(f)(1)(B).

The property at issue in the *Brennan* and *Gerstenecker* cases, as in *Buchanan* and *Wamble,* constitutes "household goods" of the debtors that could have been exempted if the trustee had avoided the subject liens. In a hypothetical Chapter 7 case, therefore, the debtors would have been entitled to exempt this property under § 522(i)(1) following avoidance by the debtors under § 522(h). Here, again, the amount of the exemptions claimed by the debtors equals the value of the property recovered, and there would be no excess equity payable to unsecured creditors in a Chapter 7 liquidation. Accordingly, the debtors' Chapter 13 plan payments need not be increased following the debtors' avoidance of liens in order to comply with the "best interests of creditors" test, and the trustee's objections to confirmation in these cases will be overruled.

■ In the final case before the Court, *In re Hayes,* the lien avoidance action was filed by the trustee, and the debtor's ability to exempt the recovered property is governed, as in the *Buchanan* and *Wamble* cases, by § 522(g). However, in this case, unlike *Bu-chanan* and *Wamble,* the property recovered by the trustee—a motor vehicle—does not come within the property referred to in § 522(g)(2), which allows for exemption by the debtor even when a lien has been voluntarily granted. Motor vehicles are not included in the list of property on which the debtors could have avoided a nonpossessory, nonpurchase money security interest, *see* 11 U.S.C. § 522(f)(1)(B), and, accordingly, the debtors in *Hayes* would not be entitled to the benefit of exemptions in their motor vehicle following the trustee's avoidance of liens. *See In re Ulrich,* 203 B.R. 691, 692 (Bankr. C.D.Ill.1997).

The debtors, moreover, may not claim the benefit of exemptions in this property under § 522(g)(1) if the lien constituted a voluntary transfer of the property. It is evident from the retail installment contract on this vehicle, which was signed by the debtors, that the subject lien was voluntarily granted by them, *see* Attch. to Proof of Claim # B–7, Dec. 11, 1996, and the debtors do not contend otherwise. For this reason, the debtors in a Chapter 7 case could not have invoked § 522(g)(1) to claim exemptions in the motor vehicle following the trustee's recovery, as exemptions under this subsection are limited to property that was not voluntarily transferred by the debtor. *See Ulrich.*

Because the *Hayes* debtors would not be entitled to their claimed exemptions in the vehicle recovered for the estate by the trustee, they are required, under the "best interests of creditors" test, to pay into their plan for the benefit of unsecured creditors an amount of money equal to the value of the vehicle as of the effective date of the plan. While the trustee argues that the debtors must additionally pay interest on this amount in order to comply with the "best interests" test, he cites no authority for this proposition, and the Court has found none. There may, of course, be instances in which a debtor's proposed plan payment is sufficient to pay interest on the secured creditor's claim, and, following avoidance of the creditor's lien, the debtor would be required to pay the same amount into the estate under the "disposable income" requirement of 11 U.S.C. § 1325(b). In the present case, however, it

is not disputed that the debtors' circumstances have changed since their plan was originally proposed and they are no longer able to make payments equal to the value of the vehicle including interest. In order to comply with the "best interests of creditors" test, therefore, the debtors' plan payments must be increased based on a revised liquidation analysis that takes into account the value of the vehicle to be retained by them, with no reduction for the exemptions claimed by the debtors but without the inclusion of interest as urged by the trustee.[15] With these caveats, the trustee's objection to confirmation in the *Hayes* case will be sustained.

---

15. If, as their counsel asserts, the debtors are unable to make such increased plan payments and are forced to dismiss their Chapter 13 case prior to discharge, the Court's order avoiding the creditor's lien would be rendered null and void, *see* Default Judgment, Jan. 26, 1997, and the creditor's lien, although unperfected, would be effective against the debtors' vehicle. In the alternative, the debtors may choose to have their vehicle liquidated for the benefit of unsecured creditors in order to continue with their Chapter 13 plan. In this event, the debtors must either surrender the vehicle to the Chapter 13 trustee or seek authority to sell the vehicle and pay over the proceeds to the Chapter 13 trustee.